## W. L. TAYLOR'S ADMR. ET AL. *v*. JORDAN BRYAN.

[Abstract Kentucky Law Reporter, Vol. 3—758.]

**Sale of Real Estate by Verbal Contract.**

> Where the seller of real estate by a verbal contract repudiates the sale and ousts the purchasers, he can not be heard to complain against a judgment requiring him to pay back the purchase-money and to pay for valuable improvements made by the purchaser.

APPEAL FROM TODD CIRCUIT COURT.

April 13, 1882.

OPINION BY JUDGE HARGIS:

The evidence shows that the lot was unproductive and worth nothing in the way of rent until after it was improved. The court, however, set the rent off against the interest on the purchase-money, which was proper in view of the fact that the lot was timbered and capable of immediate use when it was sold.

The sale of the lot was by verbal contract, and the appellants disregarded it themselves by ousting the appellee, and they can not be heard to complain against the judgment of the court requiring them to pay back the purchase-money and for the lasting and valuable improvements without interest on either, as in this case. The evidence authorized the judgment as to the amount of purchase-money and value of improvements. There was error, however, in not allowing the appellee interest on both the purchase money and value of the improvements from the time of the ouster in October, 1877, instead of from the period the suit was begun. The appellants obtained the possession in October, 1877, and ought to pay interest on the purchase-money and rents or interest on the improvements for the use of the premises.

Judgment *affirmed* on the original and *reversed* on cross-appeal and cause remanded for judgment in conformity to this opinion.

*Ben T. Perkins, Jr., for appellants.*

*H. G. Petree, for appellee.*